STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF MCLEOD                                      JUDICIAL DISTRICT

---

ANGELA A. FRIES,                    Court File No. _____
                                    Case Type: Employment
                Plaintiff,

vs.                                 **SUMMONS**

TRI MARKETING CORPORATION,

                Defendant.

---

THIS SUMMONS IS DIRECTED TO TRI MARKETING:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: Stingley & Ho, P.L.L.P., 701 Fourth Avenue South, Suite 500, Minneapolis, Minnesota 55415.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not

1

*EXHIBIT A*

have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: April 4, 2011

STINGLEY & HO, P.L.L.P.

Martin B. Ho, #283022
Sue B. Stingley, #122403
701 Fourth Avenue South, Suite 500
Minneapolis, Minnesota 55415
Tel. (612) 337-9561

NEATON & PUKLICH, P.L.L.P
Michael L. Puklich #0250661
7975 Stone Creek Drive, Suite 120
Chanhassen, MN 55317
Tel. (952) 258-8444

STATE OF MINNESOTA                        DISTRICT COURT

COUNTY OF HENNEPIN                        FOURTH JUDICIAL DISTRICT

---

ANGELA A. FRIES,                          Court File No. _____
                                          Case Type: Employment
                    Plaintiff,
                                          **COMPLAINT**
vs.                                       **JURY DEMAND**

TRI MARKETING CORPORATION,

                    Defendant.

---

Angela A. Fries for her Complaint against Defendant states and alleges as follows:

### JURISDICTION

1. This case is brought pursuant to the Family Medical Leave Act.

### PARTIES

2. At all relevant times, Plaintiff Angela A. Fries resided in Hennepin County.

3. Defendant is a corporation doing business in Minnesota, to which FMLA applies.

### FACTS

4. Plaintiff worked for Defendant from July 2006 until July 14, 2010, as a supervisor in the office. At no time was she placed on corrective action.

5. During the course of her employment, Plaintiff was a good employee with no record of discipline.

1

6. Plaintiff has a health condition known as interstitial cystitis. On Sunday July 11, 2010, Plaintiff could not urinate, so she went to the emergency room. The doctor treated her and told her that she needed to be off work until Tuesday July 13, 2010. Plaintiff contacted her boss, Tara Koch, and told her she was at the hospital and would not be able to work on July 12, 2010. Plaintiff's condition qualifies as a Serious Health Condition under FMLA, because, for example, Plaintiff was treated for it on a regular basis as that term is defined in FMLA.

7. Plaintiff's supervisor told her she had to report to work on July 12th. Plaintiff responded that she could not be there that day because of her health condition.

8. Plaintiff was unable to work on Monday July 12th, but reported to work on Tuesday, July 13, 2010. She brought a doctor's note in with her to work, which stated that she had been to the doctor and had needed to be out of work on Monday, July 13, 2010 because of her health.

9. Rather than give Plaintiff the required FMLA paperwork, Defendant disciplined her and placed her on a suspension. When Plaintiff asked why she was being suspended, Defendant would not give her a reason.

10. Plaintiff's request not to work Monday, July 12, 2010, should have been deemed a request for FMLA leave by Defendant. Defendant did not give Plaintiff the legally required FMLA paperwork, nor did it grant her FMLA leave.

11. On Tuesday, July 13, 2010, Plaintiff complained that Defendant's conduct was illegal, stated that she was going to contact an attorney, and informed Defendant that she believed she was entitled to have appropriate time off for her serious health condition.

12. The next day, Wednesday, July 14, 2010, Defendant terminated Plaintiff, specifically stating, "Originally was suspended for 30 days, threatened to sue company and management. It was then decided that termination was the best option."

13. Defendant's reason for Plaintiff's termination is direct evidence of its illegal motive: It changed its illegal suspension of Plaintiff to an illegal termination because Plaintiff threatened to contact an attorney to enforce her legal rights.

14. Further evidence of Defendant's illegal motive, is that after her termination, Defendant's CEO told Plaintiff that she was his best sales person.

15. Plaintiff is damaged by Defendant's behavior in a sum in excess of $50,000.00.

## COUNT ONE
## VIOLATIONS OF FMLA
## INTERFERENCE & RETALIATION

Plaintiff incorporates all the foregoing allegations as if restated herein.

16. Defendant violated the Family Medical Leave Act, by terminating Plaintiff for reporting her belief that her FMLA rights were being violated, and by otherwise interfering with her exercise of her FMLA rights. Defendant both interfered with Plaintiff's exercise of her rights and retaliated against her for indicating she was entitled to leave and/or needed leave in violation of FMLA, 29 U.S.C. §§ 2601, et seq., specifically §§ 2615(a)(1) & (2).

17. Plaintiff is damaged Defendant's conduct in an amount as yet to be determined, but believed to exceed $50,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Declaring Defendant's actions to be willful violations of the law;

2. Awarding Plaintiff damages for lost past and future pay loss in an amount in excess of $50,000, doubled pursuant to FMLA, 29 U.S.C. § 2617;

3. Awarding Plaintiff her costs of suit, including attorneys fees;

4. Reinstatement of Plaintiff to her position; and

5. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by jury on issues triable to a jury.**

Dated: April 4, 2011

STINGLEY & HO, P.L.L.P.
Martin B. Ho, #283022
701 Fourth Avenue South
Minneapolis, Minnesota 55415
Tel. (612) 337-9561

NEATON & PUKLICH, P.L.L.P.
Michael L. Puklich #0250661
7975 Stone Creek Drive, Suite 120
Chanhassen MN 55317
(952) 258-8444

Attorneys for Plaintiff Angela A. Fries

## ACKNOWLEDGMENT

The parties upon whose behalf this pleading is submitted, by and through the undersigned, hereby acknowledge that sanctions may be imposed for a violation of Minn. Stat. § 549.211.

Dated:

STINGLEY AND HO, P.L.L.P.

Martin B. Ho, #283022

4